IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INNOVATIO IP VENTURES, LLC,

      Plaintiff,                                    Civil Action No.:_____

v.

B & B CORPORATE HOLDINGS, INC.,

      Defendant.

_____/

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT
## JURY TRIAL AND INJUNCTIVE RELIEF REQUEST

For its original complaint for patent infringement, Plaintiff Innovatio IP Ventures, LLC ("Innovatio"), by and through its undersigned counsel, alleges as follows:

### THE PARTIES

1.    Plaintiff Innovatio is a limited liability company organized under the laws of the State of Delaware and has a place of business at 22 West Washington Street, Suite 1500, Chicago, Illinois 60602.

2.    On information and belief, Defendant B & B Corporate Holdings, Inc. ("B & B") is a corporation organized under the laws of the State of Florida and has a principal place of business at 927 U.S. Highway 301 South, Tampa, Florida 33619.

## JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

4. On information and belief Defendant B & B conducts business within this State and/or judicial district; has committed a tortuous act within this State and/or judicial district, including acts of infringement; and, engages in substantial and not isolated activity within this State and/or judicial district.

5. Venue for this action is proper in the Middle District of Florida under 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(b), and in this Division pursuant to Local Rule 1.02 of the United States District Court for the Middle District of Florida.

## PATENTS-IN-SUIT

6. On March 30, 2004, the United States Patent and Trademark Office ("the USPTO") duly and legally issued U.S. Patent No. 6,714,559 ("the '559 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '559 Patent is attached as Exhibit A.

7. On June 10, 2008, the USPTO duly and legally issued U.S. Patent No. 7,386,002 ("the '002 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '002 Patent is attached as Exhibit B.

8. On May 19, 2009, the USPTO duly and legally issued U.S. Patent No. 7,535,921 ("the '921 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '921 Patent is attached as Exhibit C.

9. On June 16, 2009, the USPTO duly and legally issued U.S. Patent No. 7,548,553 ("the '553 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '553 Patent is attached as Exhibit D.

10. On April 14, 1998, the USPTO duly and legally issued U.S. Patent No. 5,740,366 ("the '366 Patent") titled "Communication Network Having Plurality Of Bridging Nodes Which Transmit A Beacon To Terminal Nodes In Power Saving State That It Has Messages Awaiting Delivery." A copy of the '366 Patent is attached as Exhibit E.

11. On August 17, 1999, the USPTO duly and legally issued U.S. Patent No. 5,940,771 ("the '771 Patent") titled "Network Supporting Roaming, Sleeping Terminals." A copy of the '771 Patent is attached as Exhibit F.

12. On April 16, 2002, the USPTO duly and legally issued U.S. Patent No. 6,374,311 ("the '311 Patent") titled "Communication Network Having A Plurality Of Bridging Nodes Which Transmit A Beacon To Terminal Nodes In Power Saving State That It Has Messages Awaiting Delivery." A copy of the '311 Patent is attached as Exhibit G.

13. On November 25, 2008, the USPTO duly and legally issued U.S. Patent No. 7,457,646 ("the '646 Patent") titled "Radio Frequency Local Area Network." A copy of the '646 Patent is attached as Exhibit H.

14. On August 13, 1996, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 5,546,397 ("the '397 Patent") titled "High Reliability Access Point For Wireless Local Area Network." A copy of the '397 Patent is attached as Exhibit I.

15. On December 1, 1998, the USPTO duly and legally issued U.S. Patent No. 5,844,893 ("the '893 Patent") titled "System For Coupling Host Computer Means With Base Transceiver Units On A Local Area Network." A copy of the '893 Patent is attached as Exhibit J.

16. On December 16, 2003, the USPTO duly and legally issued U.S. Patent No. 6,665,536 ("the '536 Patent") titled "Local Area Network Having Multiple Channel Wireless Access." A copy of the '536 Patent is attached as Exhibit K.

17. On February 24, 2004, the USPTO duly and legally issued U.S. Patent No. 6,697,415 ("the '415 Patent") titled "Spread Spectrum Transceiver Module Utilizing Multiple Mode Transmission." A copy of the '415 Patent is attached as Exhibit L.

18. On March 14, 2006, the USPTO duly and legally issued U.S. Patent No. 7,013,138 ("the '138 Patent") titled "Local Area Network Having Multiple Channel Wireless Access." A copy of the '138 Patent is attached as Exhibit M.

19. On May 4, 2010, the USPTO duly and legally issued U.S. Patent No. 7,710,907 ("the '907 Patent") titled "Local Area Network Having Multiple Channel Wireless Access." A copy of the '907 Patent is attached as Exhibit N.

20. On March 29, 2011, the USPTO duly and legally issued U.S. Patent No. 7,916,747 ("the '747 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '747 Patent is attached as Exhibit O.

21. On January 18, 2011, the USPTO duly and legally issued U.S. Patent No. 7,873,343 ("the '343 Patent") titled "Communication Network Terminal With Sleep Capability." A copy of the '343 Patent is attached as Exhibit P.

22. On May 19, 2009, the USPTO duly and legally issued U.S. Patent No. 7,536,167 ("the '167 Patent") titled "Network Supporting Roaming, Sleeping Terminals." A copy of the '167 Patent is attached as Exhibit Q.

23. The seventeen patents identified in paragraphs 19-35 are hereinafter referred to collectively as the "WLAN Patents."

24. Innovatio owns all rights, title, and interest in and to, and has standing to sue for infringement of, the WLAN Patents, including the right to sue for and collect past damages.

### DEFENDANT B &B'S KNOWLEDGE OF THE WLAN PATENTS

25. Defendant B & B has been aware of and on actual notice of the WLAN Patents since about April 27, 2011, at which time Defendant B & B was notified by letter of the existence of and perceived infringement of the WLAN Patents.

### COUNT ONE
### INFRINGEMENT OF THE '559 PATENT

26. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 25 as if fully set forth herein.

27. Defendant B & B has infringed and continue to infringe one or more claims of the '559 Patent in violation of 35 U.S.C. § 271(a) by using in this judicial district WLAN products to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such WLAN products practice the methods of, by way of example and not limitation, at least claims 6, 7, and 8 of the '559 Patent.

## COUNT TWO
## INFRINGEMENT OF THE '002 PATENT

28. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 25 as if fully set forth herein.

29. Defendant B & B has infringed and continue to infringe one or more claims of the '002 Patent in violation of 35 U.S.C. § 271(a) by using in this judicial district WLAN products to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such WLAN products practice the methods of, by way of example and not limitation, at least claims 14-16, 18, and 19 of the '002 Patent.

## COUNT THREE
## INFRINGEMENT OF THE '921 PATENT

30. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 25 as if fully set forth herein.

31. Defendant B & B has infringed and continue to infringe one or more claims of the '921 Patent in violation of 35 U.S.C. § 271(a) by using in this judicial district WLAN products to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such WLAN products practice the methods of, by way of example and not limitation, at least claims 1, 2, 5, 7, and 8 of the '921 Patent.

## COUNT FOUR
## INFRINGEMENT OF THE '553 PATENT

32. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 25 as if fully set forth herein.

33. Defendant B & B has infringed and continue to infringe one or more claims of the '553 Patent in violation of 35 U.S.C. § 271(a) by using in this judicial district, WLAN products to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such WLAN products practice the methods of, by way of example and not limitation, at least claims 10-12, 17, 19, and 20 of the '553 Patent.

## COUNT FIVE
## INFRINGEMENT OF THE '366 PATENT

34. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 25 as if fully set forth herein.

35. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant B & B has infringed and continues to infringe one or more claims of the '366 Patent in violation of 35 U.S.C. § 271(a) by using in this judicial district, WLANs to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such WLANs infringe, by way of example and not limitation, at least claims 5-7, 9-17, 19-24, 26-29, and 32 of the '366 Patent.

36. Innovatio further believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant B & B has, with specific knowledge of the '366 Patent, induced and contributed to the direct infringement by others of one or more claims of the '366 Patent in violation of 35 U.S.C. §§ 271(b) and (c) by making available to Defendant B & B's customers, employees, and or the public in this judicial district WLANs, where such customers, employees, and/or the public cause the systems of, by way of example and not limitation, at least claims 5-7, 9-17, 19-24, 26-29, and 32 of the '366 Patent as a whole to

perform the claimed processing of such systems, and where such customers, employees, and/or the public obtain the benefit of, and directly infringe by, using the claimed systems.

## COUNT SIX
### INFRINGEMENT OF THE '771 PATENT

37. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 25 as if fully set forth herein.

38. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant B & B has infringed and continues to infringe one or more claims of the '771 Patent in violation of 35 U.S.C. § 271(a) by using in this judicial district WLANs to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such WLANs infringe, by way of example and not limitation, at least claims 1-7 of the '771 Patent.

39. Innovatio further believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant B & B has, with specific knowledge of the '771 Patent, induced and contributed to the direct infringement by others of one or more claims of the '771 Patent in violation of 35 U.S.C. §§ 271(b) and (c) by making available to Defendant B & B's customers, employees, and or the public in this judicial district WLANs, where such customers, employees, and/or the public cause the systems of, by way of example and not limitation, at least claims 1-7 of the '771 Patent as a whole to perform the claimed processing of such systems, and where such customers, employees, and/or the public obtain the benefit of, and directly infringe by, using the claimed systems.

## COUNT SEVEN
## INFRINGEMENT OF THE '311 PATENT

40. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 25 as if fully set forth herein.

41. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant B & B has infringed and continues to infringe one or more claims of the '311 Patent in violation of 35 U.S.C. § 271(a) by using in this judicial district WLANs to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such WLANs infringe, by way of example and not limitation, at least claims 20-24, 26-30, 32-37, 39-41, 43-51, 53-56, 60, and 64 of the '311 Patent.

42. Innovatio further believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant B & B has, with specific knowledge of the '311 Patent, induced and contributed to the direct infringement by others of one or more claims of the '311 Patent in violation of 35 U.S.C. §§ 271(b) and (c) by making available to Defendant B & B's customers, employees, and or the public in this judicial district WLANs, where such customers, employees, and/or the public cause the systems of, by way of example and not limitation, at least claims 20-24, 26-30, 32-37, 39-41, 43-51, 53-56, 60, and 64 of the '311 Patent as a whole to perform the claimed processing of such systems, and where such customers, employees, and/or the public obtain the benefit of, and directly infringe by, using the claimed systems.

## COUNT EIGHT
## INFRINGEMENT OF THE '646 PATENT

43.   Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 25 as if fully set forth herein.

44.   Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant B & B has infringed and continues to infringe one or more claims of the '646 Patent in violation of 35 U.S.C. § 271(a) by using in this judicial district WLAN products to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such WLAN products practice the methods of, by way of example and not limitation, at least claims 14-17, 19-22, 26-35, 39-40, 43-45, 47, 49-51, 53-56, 59-64, 66-69, 71-73, 79, 82-89, 91-94, 98-104, 107, 108, 111, 112, 114-123, 125-128, 130, 135-137, 143, and 144 of the '646 Patent.

## COUNT NINE
## INFRINGEMENT OF THE '397 PATENT

45.   Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 25 as if fully set forth herein.

46.   Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant B & B has infringed and continues to infringe one or more claims of the '397 Patent in violation of 35 U.S.C. § 271(a) by using in this judicial district WLAN products to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such WLAN products infringe, by way of example and not limitation, at least claims 1-5 of the '397 Patent.

## COUNT TEN
### INFRINGEMENT OF THE '893 PATENT

47.     Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 25 as if fully set forth herein.

48.     Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant B & B has infringed and continues to infringe one or more claims of the '893 Patent in violation of 35 U.S.C. § 271(a) by using in this judicial district WLANs to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such WLANs infringe, by way of example and not limitation, at least claims 7-11 of the '893 Patent.

49.     Innovatio further believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant B & B has, with specific knowledge of the '893 Patent, induced and contributed to the direct infringement by others of one or more claims of the '893 Patent in violation of 35 U.S.C. §§ 271(b) and (c) by making available to Defendant B & B's customers, employees, and or the public in this judicial district WLANs, where such customers, employees, and/or the public cause the systems of, by way of example and not limitation, at least claims 7-11 of the '893 Patent as a whole to perform the claimed processing of such systems, and where such customers, employees, and/or the public obtain the benefit of, and directly infringe by, using the claimed systems.

## COUNT ELEVEN
### INFRINGEMENT OF THE '536 PATENT

50.     Innovatio repeats and realleges the allegations of the preceding paragraphs 1 – 44 as if fully set forth herein.

51. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant B & B has infringed and continues to infringe one or more claims of the '536 Patent in violation of 35 U.S.C. § 271(a) by using in this judicial district WLAN products to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such WLAN products infringe, by way of example and not limitation, at least claims 1, 5, 8, 10, 11, 13-17, 19, 20, and 49 of the '536 Patent.

52. Innovatio further believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant B & B has, with specific knowledge of the '536 Patent, induced and contributed to the direct infringement by others of one or more claims of the '536 Patent in violation of 35 U.S.C. §§ 271(b) and (c) by making available to Defendant B & B's customers, employees, and or the public in this judicial district WLANs, where such customers, employees, and/or the public cause the systems of, by way of example and not limitation, at least claims 20 and 49 of the '536 Patent as a whole to perform the claimed processing of such systems, and where such customers, employees, and/or the public obtain the benefit of, and directly infringe by, using the claimed systems.

## COUNT TWELVE
## INFRINGEMENT OF THE '415 PATENT

53. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 25 as if fully set forth herein.

54. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant B & B has infringed and continues to infringe one or

more claims of the '415 Patent in violation of 35 U.S.C. § 271(a) by using in this judicial district WLAN products to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such WLAN products infringe, by way of example and not limitation, at least claims 11, 12, and 15 of the '415 Patent.

### COUNT THIRTEEN
### INFRINGEMENT OF THE '138 PATENT

55. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 25 as if fully set forth herein.

56. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant B & B has infringed and continues to infringe one or more claims of the '138 Patent in violation of 35 U.S.C. § 271(a) by using in this judicial district WLAN products to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such WLAN products infringe, by way of example and not limitation, at least claims 1, 5, 8, 10, 11, 13-15, 17, 18, 21, 24, 26, 28, and 36 of the '138 Patent.

57. Innovatio further believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant B & B has, with specific knowledge of the '138 Patent, induced and contributed to the direct infringement by others of one or more claims of the '138 Patent in violation of 35 U.S.C. §§ 271(b) and (c) by making available to Defendant B & B's customers, employees, and or the public in this judicial district WLANs, where such customers, employees, and/or the public cause the systems of, by way of example and not limitation, at least claims 15, 17, 18, 21, 24, 26, 28, and 36 of the '138 Patent as a whole to

perform the claimed processing of such systems, and where such customers, employees, and/or the public obtain the benefit of, and directly infringe by, using the claimed systems.

## COUNT FOURTEEN
### INFRINGEMENT OF THE '907 PATENT

58. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 – 44 as if fully set forth herein.

59. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant B & B has infringed and continues to infringe one or more claims of the '907 Patent in violation of 35 U.S.C. § 271(a) by using in this judicial district WLAN products to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such WLAN products infringe, by way of example and not limitation, at least claims 1, 7, 10, 12, 13, 15-17, 20, 21, 23, 24, 30, 33, 35, 36, 38, 39, 40, 43, 44, and 46-50 of the '907 Patent.

## COUNT FIFTEEN
### INFRINGEMENT OF THE '747 PATENT

60. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 25 as if fully set forth herein.

61. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant B & B has infringed and continues to infringe one or more claims of the '747 Patent in violation of 35 U.S.C. § 271(a) by using in this judicial district WLAN products to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such WLAN products infringe, by way of example and not limitation, at least claims 1-3, 5-8, 11, 13, 16, 17, and 20-25 of the '747 Patent.

## COUNT SIXTEEN
## INFRINGEMENT OF THE '343 PATENT

62. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 25 as if fully set forth herein.

63. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant B & B has infringed and continues to infringe one or more claims of the '343 Patent in violation of 35 U.S.C. § 271(a) by using in this judicial district WLAN products to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such WLAN products infringe, by way of example and not limitation, at least claims 1-6, 8-12, 15-20, 22, 23, 25, 28-30, 31-36, 38-42, 45-50, 52, 53, 55, and 58-60 of the '343 Patent.

## COUNT SEVENTEEN
## INFRINGEMENT OF THE '167 PATENT

64. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 25 as if fully set forth herein.

65. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that Defendant B & B has infringed and continues to infringe one or more claims of the '167 Patent in violation of 35 U.S.C. § 271(a) by using in this judicial district WLAN products to provide wireless network access to their customers, employees, and/or the public, and/or in their business operations, where such WLAN products practice the methods of, by way of example and not limitation, at least claims 73-77, 79-83, 85, 89-97, 100, 102-107, 109-113, 115, 119-127, 130, 132-134, and 203 of the '167 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Innovatio respectfully requests entry of judgment in its favor and the following relief, including:

A.  That Defendant B & B Corporate Holdings, Inc. be adjudged to have infringed one or more claims of each of the WLAN Patents;

B.  That Defendant B & B Corporate Holdings, Inc. and all related entities and their officers, agents, employees, representatives, servants, successors, assigns and all persons in active concert or participation with any of them, directly or indirectly, be preliminarily and permanently enjoined from using, or contributing or inducing the use of, any WLAN product, system or network that infringes any WLAN Patent;

C.  That Defendant B & B Corporate Holdings, Inc. account for damages sustained by Innovatio as a result of Defendant B & B's infringement of the WLAN Patents, including both pre- and post-judgment interest and costs as fixed by this Court under 35 U.S.C. § 284;

D.  That this case be deemed exceptional under 35 U.S.C. § 285, thereby entitling Innovatio to an additional award of reasonable attorney fees; and

D.  That the Court grant Innovatio such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Innovatio demands a trial by jury on all issues so triable.

Dated this 14th day of June, 2011.

                                    Respectfully submitted,

                                    Beusse Wolter Sanks
                                        Mora & Maire, P.A.
                                  390 North Orange Avenue
                                  Suite 2500
                                  Orlando, Florida  32801
                                  Telephone: (407) 926-7706
                                  Facsimile: (407) 926-7720
                                  E-mail: rwolter@iplawfl.com
                                  Attorneys for Plaintiff
                                  INNOVATIO IP VENTURES, LLC

_____ FBN: 0159430
for  ROBERT L. WOLTER
Florida Bar No: 0906344

*Of Counsel:*

Matthew G. McAndrews
Raymond P. Niro, Jr.
Brian E. Haan
Gabriel I. Opatken
NIRO, HALLER & NIRO
181 West Madison St., Suite 4600
Chicago, Illinois 60602
Telephone: (312) 236-0733
Facsimile: (312) 236-3137
E-mail: mmcandrews@nshn.com
E-mail: rnirojr@nshn.com
E-mail: bhaan@nshn.com
E-mail: gopatken@nshn.com